United States District Court
for the Southern District of Mississippi

28 USC 2241 Petition; And Motion
As Class Action F.R.Civ.Pr. 23

Frederick Banks,
   Petitioner

Frederick Banks, #05711-068, IAL, P.O. Box 5000, Yazoo City, MS 39194

vs.

Bruce Pearson, Warden; AW Marvin Blow;
Barack Obama;   Respondents
Harley Lappin; Eric
Holder; Federal Bureau of Prisons
Bruce Pearson

Civil Action No. 5:10cv22-DCB-MTP

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 22 2010
J.T. NOBLIN, CLERK
BY _____ DEPUTY
To Certify

This 2241 petition is being handwritten because the education department does not have copies of the 2241 form and refuses to make them according to law library staff.

This petition concerns prison discipline.

I have filed previous petitions under 2255 which was denied in the US Dist Ct. for the West Dist of PA grounds raised: ineffective assistance.

A 2255 is inadequate and ineffective to challenge the execution of the sentence where a liberty interest is asserted for loss of good time credits in a prison discipline proceeding. I am not represented by counsel. USDC WDPA imposed sentence at 04-176 and 03-245 for mail fraud and money laundering. Sentences were imposed on 2/25/05 and 3/10/06 after a plea of not guilty via jury trial. The appeal was affirmed at USA v. Vampire Nation, 451 F.3d 189 (3rd Cir. 2006) on 32(h) post booker and forfeiture authority issues raised. I do not have a copy of the incident report.

### Administrative Remedies

After the DHO hearing on 2/18/10 I approached the counselor and requested a BP 10 administrative remedy. The counselor stated that he did not have copies available. He failed to provide me with a copy of the remedy form. Thus, all available remedies have been exhausted prior to bringing this action.

①

## GROUND ONE

On 1/27/10 Associate Warden Marvin Blow issued an incident report #1972023 to Banks for a Code 297. The DHO suspended the incident report and deleted it from the system. Banks filed a BP8 against Blow on 2/5/10 for loafing in food service with a female food service worker. In retaliation Blow on 2/10/10 rewrote the incident report and had it lodged on Banks with a new incident report number. The UDC refferred the report to the DHO. On 2/18/10 Banks and two of his witnesses appeared before the DHO. Banks asserted that the DHO failed to allow Banks to call all of his witnesses which would have testified to the ongoing retaliation Banks had undergone while at Yazoo City. Particularly relevant was Chaplain David Holstens' testimony about a conversation he had with Banks where he stated that Banks should not have anything with his name on it sent to him (concerning a religious donation that was rejected rather than forwarded to the Chaplain where Banks' name appeared on the package) Instead of allowing Banks to call all of his witnesses the DHO denied them and did not allow Banks to call his accuser Marvin Blow which he wished to cross examine. The witnesses Banks did call convienantly did not bring evidence that supported Banks but instead the report. For instance Tammy McCoy failed to provide a computer print out from ITS showing that the number Banks called had a Greece address listed beside it rather than a Yazoo City address. This was relevant because the incident report claimed that the number was listed as a Yazoo City telephone number in the ITS system. Banks soon found out why. The DHO told Banks that McCoy was complaining of the fact that Banks filed on her in an unrelated matter. The DHO erred when it failed to insist on a 24 hour notice, notice that Banks could be sanctioned for the charges and did not request that

(2)

McCoy provide him with the evidence. The OHO stated that it would sanction Banks to 277 days of lost Good time and 1 year of lost phone use but only if Banks pled guilty and waived otherwise would it sanction Banks to a single day of lost good time. But Banks had to sign a waiver. While Banks was reluctant to sign he did so only under duress. On one end Banks was actually innocent because Pactel a phone company was allowed to advertise in the institution and was never blocked or censored by the warden. The contract is invalid because it was signed under duress and even if the court finds the contract to be valid due process required that Banks receive 24 hour notice which he did not of receiving the incident report which prejudiced his defense because he could have arranged for additional witnesses and he could have brought the point out of the address that showed the number was listed in It's as tied to a address in Greece not Yazoo City, MS. The only reason Banks was sanctioned while other inmates who use the system were not is because the individual Banks had contact with in Greece, Respondents knew was one of the persons that funded Banks' lawsuits against the parties named herein. The OHO hearing was a mockery and conducted more like a circus than an administrative proceeding in which the ringmaster would not allow Banks his rights under the Due Process Clause and allowed retaliation in violation of the First Amendment. The OHO purposely scheduled the hearing at the same time and day Banks was to be at Wicca Religious Services in the chapel in violation of the Establishment clause and the free exercise clause contained in the First Amendment. Banks never signed for nor received a copy of the written

(3)

rules of the unit another violation of due process as Banks never received notice that he could be sanctioned for making what Blow called a 3 way call. The DHO improperly suspended the first DHO hearing because Banks was not in the process of conducting an informal resolution procedure. Finally, the Lt. who delivered the shot stated that the DHO called and told them to rewrite the incident report. The DHO hearing was therefore not impartial. All in violation of the aforementioned Constitutional Amendments and an unlawful seizure under the Fourth Amendment because there was no probable cause to seize Banks into a hearing with an unimpartial adjudicator. The delay in giving me the incident report prejudiced my defense and was intentionally brought by the government for the purpose of gaining a tactical advantage over me and in bad faith because of the lawsuits I've brought against the BOP and this institution. The DHO hearing nor the incident report or UDC was in compliance with Wolff v. McDonnell, 418 US 539 (1974).

Relief: That the Court order the incident report expunged and the good time credits restored, hold an evidentiary hearing and appoint counsel. That the Court declare Code 297 unconstitutional as it is applied in this case and issue an injunction, preliminary and permanent enjoining Respondents from the unlawful and unconstitutional Actions in this case and that this action be certified as a Class action and that Class counsel be appointed to represent the class.

Signed this 18th day of February, 2010.

Frederick Banks

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 2/18/10

Frederick Banks

Certification of non duplicative Action:

This is an original Action and a challenge to the incident report of 2/10/10 and the subsequent UDC and DHO hearings ending 2/18/10 on the rewritten 297 incident report.

Frederick Banks

(5)



Frederick Banks
#05711-068, 1AL
Federal Correctional Complex
PO Box 5000
Yazoo City, MS 39194

05711-068
J. Robin
Clerk, US Dist Court
PO Box 23552
Jackson, MS - 39225 - 3552
United States

Special mail
sent. 2/18/10